IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWINA PIRELA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22 C 866 |
| ) | |
| CITY OF AURORA, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Edwina Pirela has sued her current employer, the City of Aurora, alleging it discriminated against her based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). The City of Aurora has moved for summary judgment. For the reasons below, the Court grants the City's motion.

### Background

The following facts are undisputed unless otherwise noted. Edwina Pirela is currently employed by the Aurora Police Department as a patrol officer. Before she was employed by the City of Aurora, Pirela was an officer with the Richland County Sheriff's Office in South Carolina. She began her employment with the City of Aurora on September 12, 2016, and she completed her probationary period in March 2017. In November 2019, Pirela applied for promotion to sergeant as part of the Aurora Police Department's 2020 promotional process.

At the time the Aurora Police Department began its 2020 promotional process for sergeant candidates, Pirela had twelve years of law enforcement experience in total,

with two and one-half of those years of experience at the Aurora Police Department. During the two years between the end of Pirela's probationary period and the promotion process at issue in this case, she worked nineteen months on the night shift and five months on the afternoon shift.

The Department's promotional process takes place every three years. The City has a Civil Service Commission that establishes a promotional eligibility list based on the results of the promotional process. During the 2020 process, the final rating of an applicant for sergeant was based on the applicant's performance in the following stages: (1) a promotional rating process worth 35% of the final rating, (2) a written exam worth 25% of the rating, assessment center exercises worth 30% of the rating, (3) experience and education points worth 10% of the rating, and (5) bonus military points.

During the promotional rating process, a candidate's direct supervisor is assigned to complete the candidate's preliminary promotional rating. The candidate may also submit a self-evaluation to the supervisor to help inform the rating process. The supervisor may recommend the following scores for the applicant: 100 – the applicant should be promoted ahead of his or her peers; 85 – the applicant should be promoted with his or her peers; or 70 – the applicant should be promoted below his or her peers. The supervisor then meets with the applicant to discuss the preliminary rating. An applicant who disagrees with the rating may submit a written appeal to address inaccuracies. Appeals are forwarded the "rating board," which is composed of the Department's chief, deputy chief, commanders, lieutenants, and sergeants.

The rating board members discuss the applicant's preliminary rating with the direct supervisor and consider any accompanying appeal. They then each score the

applicant according to the same scale used in the preliminary rating. The scores are averaged to provide the applicant's final promotability rating, which accounts for 35% of the overall rating.

After the rating process, applicants take a written exam, and they are ranked based on the results of that exam and the rating process. The top thirty candidates are invited to the assessment center stage of the testing process. Following the assessment center stage, applicants provide education background and experience information to earn additional points. A preliminary promotional eligibility list is then generated based on the candidates' promotability rating, written exam, assessment center, education, and experience points.

The final promotional eligibility list is posted after candidates submit military preference bonus points. Applicants are then promoted based on the final promotional list, which expires three years from the date it is finalized.

Pirela applied for promotion to sergeant during the 2020 promotional process. She received an initial promotability rating of 70 and a final promotability rating of 74.11. Pirela appealed her final promotability rating, but her final rating remained 74.11 after the appeal. Pirela did not take the written exam or participate in the remainder of the 2020 promotional process. She was not promoted to sergeant.

Pirela, who is African American, sued the City of Aurora under Title VII, alleging failure to promote and discrimination on the basis of race.

## Discussion

The City of Aurora has moved for summary judgment on Pirela's discrimination claim. Summary judgment is warranted "if the movant shows that there is no genuine

3

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 401 (7th Cir. 2018). The Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in their favor. *Id.* Still, inferences "that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017). The nonmoving party must "respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Weaver v. Speedway, LLC*, 28 F.4th 816, 820 (7th Cir. 2022).

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). At summary judgment, the applicable standard for analyzing racial discrimination claims under Title VII is "whether the evidence would permit a reasonable factfinder to conclude that racial discrimination caused the adverse employment action—here, the failure to promote." *Barnes v. Bd. of Trs. of Univ. of Ill.*, 946 F.3d 384, 389 (7th Cir. 2020).

One way of proving employment discrimination under Title VII is the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Logan v. Chicago*, 4 F.4th 529, 536-37 (7th Cir. 2021). Because the parties present their arguments in the *McDonnell Douglas* terms, the Court also applies that framework. To establish a prima facie case of discrimination for a failure to promote claim, the plaintiff

must offer evidence that they were (1) a member of a protected class; (2) qualified for the position; (3) rejected for the position; and (4) the position was given to a person outside the protected class who was similarly or less qualified. *Id.* "If the plaintiff makes out a prima facie case by meeting each of these elements, the burden shifts to the defendant to articulate (not to prove) a legitimate, nondiscriminatory reason for the promotion decision." *Kinney v. St. Mary's Health, Inc.*, 76 F.4th 635, 646 (7th Cir. 2023). If the employer does so, the burden shifts back to the plaintiff to offer evidence that the explanation is pretextual. *Id.*

Pirela argues that her initial promotability rating of 70 and final promotability rating of 74.11 were the product of racial discrimination. She contends that, considering her twelve years of law enforcement experience, including her work as a Senior Investigator at the Richland County Sherriff's Office, she was just as—if not more—qualified to be promoted to sergeant as other candidates.

The City first argues that Pirela has failed to make out a prima facie case of discrimination. Relying on *Hudson v. Chicago Transit Authority*, 375 F.3d 552, 558 (7th Cir. 2004), the City argues that a prima facie case of discrimination requires a plaintiff to apply for and be rejected for a position. It contends that Pirela withdrew from the process after she received her 74.11 promotability rating, as she did not take the written exam or complete the remaining stages, and that because she withdrew, she was not actually rejected for promotion to sergeant. The Court overrules this argument.

Pirela appropriately points out that in *Hudson,* the Seventh Circuit also said that a plaintiff who had not applied for a position can still make out a prima facie case for discrimination by "demonstrat[ing] that the employer's discriminatory practices deterred

5

[the] plaintiff from applying." *Hudson*, 375 F.3d at 558. Pirela contends that she was deterred from completing the application process by the City's alleged discriminatory practices—"the very discriminatory practices [s]he is protesting." *Volling v. Kurtz Paramedic Services, Inc.*, 840 F.3d 378, 384 (7th Cir. 2016) (quoting *Loyd v. Phillips Bros., Inc.*, 23 F.3d 518, 523 (7th Cir. 1994)). The City's attempt to distinguish *Hudson*, by saying that it specifically involved deterrence from applying, not deterrence from completing the promotional process, falls flat. The purpose of this exception is to ensure that "[v]ictims of gross and pervasive discrimination" are not "denied relief precisely because the unlawful practices had been so successful as totally to deter" their participation, and to ensure that the law does not "put beyond the reach of equity the most invidious effects of employment discrimination those that extend the very hope of self-realization." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 367 (1977). The same concerns are implicated whether racial discrimination has deterred a candidate from submitting an application or from completing necessary prerequisites after an initial application is submitted. The City points to no authority that supports such a distinction.[1] Thus the inquiry remains whether Pirela produced enough evidence of racial discrimination to sustain her claims through summary judgment.

Ultimately, however, Pirela has not produced enough evidence for a reasonable jury to conclude that she was not promoted because of her race or that her promotability

---

[1] The City's reliance on *Nolan v. Hillard*, 309 Ill. App. 3d 129, 141, 722 N.E.2d 736, 746 (1999), is misplaced. *Hillard* did not involve a claim of discrimination. Moreover, the court determined the relevant plaintiff did not have standing because he had not completed the part of the application process that he was challenging and thus would not have benefitted from a determination that that part of the application was invalid. *Id.* But Pirela did complete the promotability rating process, and that is the process which she contests.

rating was the product of racially discriminatory practices. The City claims that Pirela received a preliminary rating of 70 because, having been with the Aurora Police Department for only two and one-half years, she lacked the requisite experience at the Department. Pirela had spent most of the two years after her probationary period on the night shift, had completed only one report on a homicide scene and two reports on death investigations, and lacked experience on a wide variety of cases, serious calls, and in specialized units. Moreover, the City contends the Department does not consider prior experience with law enforcement departments as part of the promotion process. In this regard, the City highlights an email that Deputy Chief Jackson sent to those who signed up for the process that said the 70 rating "could/should be used for those that who [sic] have little tenure in their current position and could benefit from more time and experience." Def.'s Stmt. of Material Facts, Ex. C at 28.

      Pirela bears the burden of submitting evidence that would permit a reasonable jury to find that the City's asserted nondiscriminatory reasons for her rating and lack of promotion are pretextual—that it is "a lie, specifically a phony reason for some action." *Kinney*, 76 F.4th at 646. She has not done so. Pirela argues that the City's assertion that the Department does not use prior experience in promotion considerations is a lie because it considered her prior experience in her reviews, her sergeant rating, and to allow her to become a Field Training Officer earlier than usual. But Pirela does not point to any specific use of her prior experience in her review, and the Court can identify none. Even so, use of prior experience in an officer's review or to become a Field Training Officer does not suggest that the Department also uses this in the promotional process.

7

Regarding Pirela's sergeant rating, her rating supervisor briefly acknowledged that she was a law enforcement officer elsewhere before joining the Department, but the supervisor did not engage the substance of Pirela's work there or consider it in the explanation of Pirela's rating. Instead, the supervisor concluded that Pirela "has not had enough time on the job as an Aurora police officer to demonstrate consistent proficiency and leadership yet at this department. For that reason I recommend she be rated not ready for promotion – 70." Def.'s Stmt. of Material Facts, Ex. E at 2.

Pirela does not contest that, at the time of the promotion rating, she had prepared reports on only one homicide scene and two death investigations and that she lacked experience on a variety of calls or with specialized units during her time at the Department. Rather, she contests only that her rating supervisor was "misleading and incorrect" in saying that she "served exclusively on the midnight shift," when she also served five months on the afternoon shift. Pl.'s Resp. at 5. But her rating supervisor never claimed as much, instead the supervisor stated that Pirela's work had been "*almost* exclusively on midnight shift." Def.'s Stmt. of Material Facts, Ex. E at 2 (emphasis added); *see also id.*, Ex. D ¶ 9.[2]

Finally, Pirela also contends there is no evidence in the record to support the Department's argument that prior law enforcement experience is not used in consideration for promotion. This is inaccurate. The record includes sworn declarations from the Chief of Police and Pirela's rating supervisor which say that the Aurora Police

---

[2] Pirela's contestation addresses what appears to be a transcription error on page six of the City's Memorandum of Law in Support of Defendant's Motion for Summary Judgment and in paragraph 40 of its Local Rule 56.1(a)(3) Statement of Undisputed Facts. In its reply, the City acknowledges the five months Pirela spent on the afternoon shift. Def.'s Reply at 7.

Department does not consider prior experience at other law enforcement agencies when candidates apply for promotion to sergeant. Pirela has offered no evidence tending to undercut these assertions. In any case, courts in the Seventh Circuit "have never required proof of a written policy to show that an employer's decision was not a pretext for discrimination." *Williams v. Airborne Exp., Inc.*, 521 F.3d 765, 769 (7th Cir. 2008).

In sum, Pirela has not produced evidence that the nondiscriminatory reasons the City provided for her rating and lack of promotion are pretextual, and her discrimination claim, accordingly, cannot survive summary judgment.

## Conclusion

For the foregoing reasons, the Court grants the City of Aurora's motion for summary judgment [dkt. no. 32] and directs the Clerk to enter judgment in favor of the defendant and against the plaintiff.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 18, 2024